# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 28, 2012

No. 11-40243
Summary Calendar

Lyle W. Cayce
Clerk

ABBASID, INC., Doing Business as Azhar's Oriental Rugs,

Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:08-CV-162

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Abbasid, Inc. ("Abbasid"), challenges a summary judgment in favor of Bank of America, N.A. ("BoA").  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

11-40243

Abbasid sued BoA in state court, alleging various Texas state-law causes of action arising from BoA's alleged wrongful payment of checks drawn on Abbasid's account. BoA removed to federal court, which denied Abbasid's motion to remand, finding that there was diversity jurisdiction. A year later, Abbasid moved to compel arbitration, shortly after which BoA moved for summary judgment. The district court denied Abbasid's motion to compel arbitration and stayed the case pending its appeal of the denial. After we affirmed, the district court directed Abbasid to respond to the motion for summary judgment.

In support of its motion for summary judgment, BoA relied on the Texas Uniform Commercial Code and provisions of private agreements between BoA and Abbassid. Abbasid responded by, *inter alia*, claiming summary judgment was improper because New Mexico law should be applied, requesting leave to amend the complaint to assert New Mexico law. The court granted summary judgment, ruling that because Abbassid "litigated its claims under Texas law for well over two years before first raising the choice of law issue to defend against summary judgment, . . . Plaintiff's appeal to New Mexico law is both tardy and suspect." The court noted that New Mexico and Texas have adopted the same relevant positions of the Uniform Commercial Code, and Abbasid had failed to show how New Mexico statutory or caselaw is different from Texas's or would compel a different result. The court denied amendment as futile.

Abbassid contends the district court did not properly consider the merits of its choice-of-law defense. We review a summary judgment *de novo*, applying the same Federal Rule of Civil Procedure 56 standards that guided the district court. *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 191 (5th Cir. 2011), *petition for cert. filed*, 80 U.S.L.W. 3058 (July 13, 2011) (No. 11-71).

11-40243

When sitting in diversity jurisdiction, federal courts apply the choice-of-law rules of the forum state. *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 485 (5th Cir. 2001). Accordingly, in this case, Texas choice of law rules apply. Although parties are not required to plead choice-of-law issues at the outset of a case, they must raise them "in time to be properly considered." *Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 74 (5th Cir. 1987).

Abbasid sued in state court and, as the district court properly noted, tried the case under Texas law for over two years, invoking Texas law in its discovery requests, motion to compel arbitration, and briefing of its first appeal. Only in response to BoA's comprehensive motion for summary judgment, which relied heavily on Texas law, did Abbasid first contend that New Mexico law applies. Even assuming that Abbasid was timely and not attempting to avail itself of the benefits of Texas law during discovery and pre-trial only to invoke New Mexico law when substantive issues were to be considered, Abbasid's bare invocation of New Mexico law neither satisfies Texas's choice-of-law rules nor meets the burden of staving off summary judgment.

Texas courts presume that other states' laws are the same as its own; the party advocating use of a different state's laws bears the burden of rebutting that presumption. *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 53 & n.5 (Tex. 2008). Although federal courts are required to take judicial notice of the laws of every state, *Kucel*, 813 F.2d at 74, Texas choice-of-law rules put the burden on Abbasid to show how applying New Mexico law would compel a result different from what Texas law would yield. *See Excess Underwriters*, 246 S.W.3d at 53.

In its response to the summary judgment motion, Abbasid merely asserted

3

11-40243

that New Mexico law applies, without making any showing that it differs from Texas law in any way or would compel a different result. The district court nonetheless noted that Texas and New Mexico have adopted the same relevant UCC provisions. Even in the face of that, Abbasid did not make any arguments, in its opening brief, showing how New Mexico law would compel a different result, and its reply brief only hints at the possibility that New Mexico law, despite facially identical statutes, might be different. Thus, Abbasid has not met its burden adequately to raise a choice-of-law issue.

Moreover, under this court's standards for summary judgment, once the moving party has made a sufficient showing that it is entitled to judgment as a matter of law, the burden shifts to the nonmovant to demonstrate a genuine issue for trial supported by facts and law. *Cotroneo*, 639 F.3d at 191. BoA's motion more than adequately met its burden to show it was entitled to summary judgment, but Abbasid's bare invocation of New Mexico law, without demonstrating that the application of New Mexico law would defeat BoA's summary judgment motion, did not carry its burden.

The summary judgment is AFFIRMED.